IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KEVIN SHACKELFORD,

          Plaintiff,

    vs.

NELSON, Officer, Unit Officer;
WILSON, Officer, Unity Officer;
MCDOOGLE, Officer, Unit Officer; J
BALLARD, Sgt., Floor Seargeant; and
DOUGLAS COUNTY
CORRECTIONS,

          Defendants.

**8:25CV733**

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff Kevin Shackelford's complaint filed on December 22, 2025. Filing No. 1. Plaintiff has been granted leave to proceed in forma pauperis. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b).

## I. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or

grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF COMPLAINT

Plaintiff alleges that while confined at the Douglas County Department of Corrections, DCDC, he was required to collect a fecal sample. Although he was given the wrong type of container for collecting the sample, he did collect it. He then told the correctional officers named as defendants, Nelson, Wilson, McDoogle, and Ballard, that the sample was in his cell and ready to be picked up. The officers said they had forwarded his message to the medical department, and that department would pick up the sample.

2

But the medical department did not pick up the fecal sample for five days. By then, it was generating gas. Plaintiff was on lockdown, and the sample had remained in his cell, posing a risk of exposure to disease and food contamination. Plaintiff had headaches and became delusional. He was given Ibuprofen (which he was already taking) and told to lay down.

Plaintiff sues DCDC, and Nelson, Wilson, McDoogle, and Ballard in their official and individual capacities. Plaintiff demands $250,000 as compensatory damages for his mental distress and headaches.

### III. DISCUSSION

Plaintiff alleges constitutional rights were violated and he seeks recovery under 42 U.S.C. § 1983.

### A. Claims against DCDC and Douglas County

DCDC is not a distinct legal entity subject to suit. *De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst*., 18 F. App'x 436, 437 (8th Cir. 2001) (unpublished) (county jail and sheriff's department not legal entities subject to suit) (collecting cases); *Mixon v. Omaha Police Dep't Officers*, No. 8:17CV325, 2019 WL 2143882, at *2 (D. Neb. May 16, 2019) (county department of corrections not distinct legal entity subject to suit) (collecting cases); *see also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"). Any claims against DCDC must be dismissed.

Plaintiff sues Nelson, Wilson, McDoogle, and Ballard in their official and individual capacities. A lawsuit against a public employee in his official capacity is a suit against the public employer. C*ampbell v. State of Iowa, Third Jud. Dist. Dep't of Corr. Serv.*, 702 F.3d 1140, 1141 (8th Cir. 2013) (quoting *Johnson v. Outboard Marine Corp*., 172 F.3d 531, 535 (8th Cir.1999)). So, Plaintiff's claims the named DCDC correctional officers, in their official capacities, are claims against Douglas County.

3

To prevail on a claim against Douglas County, Plaintiff must show that the constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016). Plaintiff alleges no facts indicating his alleged harm was caused by a county custom or policy, and a deliberate indifference in training and supervision. Plaintiff has failed to state a claim against DCDC, and Nelson, Wilson, McDoogle, and Ballard in their official capacities.

### B. Individual Capacity Claims

Plaintiff sues Nelson, Wilson, McDoogle, and Ballard in their individual capacities, claiming that retention of the fecal sample in his cell violated his constitutional rights. Conditions of prison confinement violate the Eighth Amendment when 1) a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities; and 2) the prison official acts with deliberate indifference—he knows of and disregards an excessive risk to inmate health and safety. *Brown v. Nix*, 33 F.3d 951, 954 (8th Cir. 1994).

The presence in his cell of a fecal sample in a collection cup for five days, while perhaps unpleasant, does not rise to the level of an Eighth Amendment violation. *Brown v. Nix*, 33 F.3d 951, 954 (8th Cir. 1994). *Williams v. Delo*, 49 F.3d 442, 446-47 (8th Cir. 1995); *Law v. Ambrose*, 4:21-CV-04187-KES, 2023 WL 2479914, at * 8-9 (D.S.D. March 13, 2023) (collecting cases).

### IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Plaintiff has failed to allege a cognizable claim against any defendant. The complaint is subject to dismissal. But instead

4

of dismissing the complaint at this time, the court will grant Plaintiff leave to file an amended complaint.

Accordingly,

IT IS ORDERED:

1.    Plaintiff shall have until April 8, 2026, to file an amended complaint. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff. Plaintiff is advised that any amended complaint filed will <u>replace</u> the initial complaint, not supplement it. So, if Plaintiff intends to file an amended complaint, he must include all the claims he wishes to pursue against all of the individuals against whom he wishes to proceed in any amended complaint, without relying upon or incorporating by reference any allegations made in his initial complaint or in any prior lawsuit he filed.

2.    The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) in the event he files an amended complaint.

3.    The Clerk of Court is directed to set a pro se case management deadline using the following text: "April 8, 2026: check for amended complaint."

4.    The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated this 9th Day of March, 2026.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge