IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEVIN LEE SHACKELFORD, | |
| Plaintiff, | **8:25CV733** |
| vs. | |
| DOUGLAS COUNTY CORRECTIONS, and NELSON, Officer, Unit Officer; WILSON, Officer, Unit Officer; MCDOOGLE, Officer, Unit Officer; and BALLARD, Sgt, Floor Sergeant, in their individual capacities; | **MEMORANDUM AND ORDER** |
| Defendants. | |

This matter is before the court on Plaintiff Kevin Lee Shackelford's amended complaint filed on April 6, 2026. Filing 8. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'"

*Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF COMPLAINT

Plaintiff's amended complaint alleges that while confined within the Douglas County Department of Corrections (DCDC), he was required to provide a fecal sample. Filing 8 at 5. Plaintiff collected the sample while located in his cell rather than the medical unit, and he then notified prison staff that it was ready for pickup. Plaintiff was informed that medical personnel would retrieve it. Filing 8 at 5. But despite Plaintiff's repeated requests and grievances, and his notice to correctional staff, including a supervising sergeant, of the unsanitary and hazardous condition caused by having the fecal

2

sample in his cell, the defendants failed to promptly collect it. The sample remained in his cell for five days. Filing 8 at 4.

Plaintiff alleges that due to exposure to the fecal sample in his cell, he suffered persistent headaches and symptoms of disorientation. He was not taken to the medical unit for evaluation or treatment. Instead, Plaintiff was given Ibuprofen and instructed to lie down. Filing 8 at 5.

Plaintiff seeks damages in the amount of $250,000.00 for each day of exposure as compensation for "the physical, mental, and emotional harm suffered due to Defendants' repeated disregard for Plaintiffs well-being. Defendants' actions, including the inaction of correctional and medical staff, demonstrate a complete lack of concern for Plaintiffs safety." Filing 8 at 5.

### III. DISCUSSION

Liberally construed, Plaintiff claims his conditions of confinement and lack of medical care violated his Eighth Amendment rights. He seeks recovery under 42 U.S.C. § 1983.

### A. Claims against DCDC

As the Court explained on review of Plaintiff's initial complaint, (Filing 7), DCDC is not a distinct legal entity subject to suit. *De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (unpublished) (county jail and sheriff's department not legal entities subject to suit) (collecting cases); *Mixon v. Omaha Police Dep't Officers*, No. 8:17CV325, 2019 WL 2143882, at *2 (D. Neb. May 16, 2019) (county department of corrections is not distinct legal entity subject to suit) (collecting cases); *see also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"). Any claims against DCDC must be dismissed.

Even if the Court construes Plaintiff's claims against DCDC as claims against Douglas County, Plaintiff has failed to state a claim. The Court's prior

3

order explained that to state a claim against Douglas County, Plaintiff must allege a violation of his constitutional rights due to the implementation of an official policy, an unofficial custom, or a deliberately indifferent failure to train or supervise others acting on its behalf. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016). Like the initial complaint, Plaintiff's amended complaint alleges no facts indicating the delayed retrieval of his fecal sample or the alleged lack of adequate medical care arose from a county custom or policy, or a deliberately indifferent lack of training and supervision of the DCDC staff. Plaintiff's claim against DCDC, construed as a claim against Douglas County, must be dismissed for failure to state a claim.

### B. Individual Capacity Claims

Plaintiff names Nelson, Wilson, McDoogle, and Ballard, in their individual capacities, as defendants. To state a § 1983 claim, a plaintiff must allege that the defendant was personally involved in or had direct responsibility for incidents that resulted in injury. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). Plaintiff's amended complaint does not allege who he talked to about the fecal sample in his cell and his alleged symptoms, or who responded (or failed to respond) to his complaints. Since Plaintiff has failed to allege facts showing if and how the individually named defendants were personally involved in the alleged violation of his Eighth Amendment rights, his amended complaint fails to state a claim against Nelson, Wilson, McDoogle, and Ballard, in their individual capacities.

Even had Plaintiff adequately alleged each defendant's role in the alleged violation of his rights, the amended complaint fails to state a constitutional claim. Plaintiff asserts that the prolonged exposure to the fecal sample in his cell "demonstrate[d] deliberate indifference to Plaintiff' s health and safety and subjected Plaintiff to unconstitutional and unsanitary conditions of confinement." Filing 8 at 4. To state a claim that conditions of

4

prison confinement violated the Eighth Amendment, Plaintiff must allege facts showing 1) the prison official's act or omission resulted in the denial of the minimal civilized measure of life's necessities; and 2) the prison official acted with deliberate indifference—he knew of and disregarded an excessive risk to inmate health and safety. *Brown v. Nix*, 33 F.3d 951, 954 (8th Cir. 1994).

As the Court's prior order stated, the presence of a collected fecal sample in Plaintiff's cell for five days, while unpleasant, did not deny Plaintiff of the "minimal civilized measure of life's necessities" in violation of the constitution. *Smith v. Copeland,* 87 F.3d 265, 268 (8th Cir. 1996) (allegations that pretrial detainee had to endure the stench of his own feces and urine for four days due to an overflowing toilet in his cell does not implicate constitutional concerns); *Williams v. Delo*, 49 F.3d 442, 444 (8th Cir. 1995) (holding a four-day confinement in a cell without the ability to flush the toilet did not violate Plaintiff's constitutional rights); *Law v. Ambrose*, 4:21-CV-04187-KES, 2023 WL 2479914, at * 8-9 (D.S.D. March 13, 2023) (collecting cases).

In addition, Plaintiff's allegation that he was exposed to a fecal sample in a container for five days does not support the finding of excessive risk to inmate health and safety. The mere exposure to feces does not pose an excessive risk of serious harm to inmate health or safety, *Banks v. Ford*, No. 6:20-CV-06075, 2021 WL 1244306, at *5 (W.D. Ark. Feb. 22, 2021), report and recommendation adopted, No. 6:20-CV-6075, 2021 WL 1248311 (W.D. Ark. Apr. 2, 2021), particularly where, as in this case, the amount of feces was limited and isolated, Plaintiff was able to avoid direct exposure to it, and Plaintiff does not allege any actual disease or contamination arose because the fecal sample remained in his cell. Plaintiff has failed to a state a claim that the conditions of his confinement violated his constitutional rights.

Liberally construed, Plaintiff claims he received inadequate medical care in violation of his Eighth Amendment rights. When alleging a deprivation of

medical care, the inmate must show (1) an objectively serious medical need and (2) the defendants knew of the medical need but were deliberately indifferent to it. *See Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010); *Jones v. Minnesota Dep't of Corrections*, 512 F.3d 478, 481–82 (8th Cir. 2008); *Albertson v. Norris*, 458 F.3d 762, 765 (8th Cir. 2006); *Grayson v. Ross*, 454 F.3d 802, 808–09 (8th Cir. 2006). A medical need is objectively serious "if the medical need in question is supported by medical evidence, such as a physician's diagnosis, or is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Hancock v. Arnott*, 39 F.4th 482, 486 (8th Cir. 2022) (quoting *Ryan v. Armstrong*, 850 F.3d 419, 425 (8th Cir. 2017)). A plaintiff must show a prison official knew of and disregarded the objectively serious medical need. *Robinson v. Hager*, 292 F.3d 560, 564 (8th Cir. 2002).

Here, Plaintiff alleges that his five-day exposure to his fecal sample caused persistent headaches and symptoms of disorientation, and he was denied treatment by a medical provider. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.' " *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "Not every ache and pain or medically-recognized condition can support a claim of an Eighth Amendment violation." *Roberson v. Goodman*, 293 F. Supp. 2d 1075, 1080–81 (D.N.D. 2003), aff'd, 114 F. App'x 772 (8th Cir. 2004) (holding symptoms of memory loss, confusion, headaches, and twitching from an alleged unjustifiably high dose of an anti-psychotic drug were insufficient to establish either a "serious medical need" or a substantial risk of serious harm).

Considering Plaintiff's allegations as true, Plaintiff's alleged headaches and disorientation from exposure to his fecal sample do not suggest a "serious medical need" requiring medical attention. *Crowley v. Pub.*, No. 1:18-CV-108-AGF, 2018 WL 3819038, at *2 (E.D. Mo. Aug. 10, 2018) (holding the denial of

eyeglasses and eye medication for headaches and blurry vision was insufficient to establish a serious medical need); *Johnson v. Vondera*, 790 F.Supp. 898, 900 (E.D. Mo. 1992) (headaches, neck pain and blurred vision did not establish a serious medical need). Moreover, Plaintiff alleges the sample was removed from the cell within five days, and during the five-day period, he was given Ibuprofen and told to lay down. He does not allege that these conservative measures failed to alleviate his symptoms, that his symptoms arose from an underlying serious medical condition that prison staff chose to ignore, or that exposure to the sample caused an infection or other serious illness (e.g., food poisoning, pneumonia, etc.). Plaintiff has failed to allege deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

## IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. After reviewing Plaintiff's amended complaint, the Court finds Plaintiff has not alleged a claim upon which relief may be granted. His case must be dismissed.

Accordingly,

IT IS ORDERED:

1. This matter is dismissed without prejudice.

2. A separate judgment will be entered.

Dated this 1st day of May, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

7